[No. E029861. Fourth Dist., Div. Two. Dec. 27, 2001.]

In re the Marriage of JUDITH C. and ROBERT V. CROSS.
JUDITH C. CROSS, Respondent, v.
ROBERT V. CROSS, Appellant.

**[Opinion certified for partial publication.\*]**

---

*\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. and III.

**COUNSEL**

Law Office of Salz & Salz and Brian Alan Baker for Appellant.

Law Offices of Brian K. Brandmeyer, Brian K. Brandmeyer and Julia A. Stanton for Respondent.

## OPINION

**WARD, J.**—Robert V. Cross (husband) appeals from a judgment dissolving his marriage to Judith C. Cross (wife), and dividing their assets and obligations. On appeal, husband contends that the trial court erred in failing to (1) reimburse husband and/or the community for improvements made to wife's separate property with husband's separate property funds; (2) award husband a pro tanto interest in wife's separate property; and (3) consider tax consequences when the court imputed income to the community estate. We find no error and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL HISTORY

Husband and wife were married on November 27, 1993. There were no children of the marriage. The trial court determined the date of separation to be September 24, 1997.

At the time of their marriage, husband was the sole shareholder of C&R Systems, Inc. (C&R), which was started by husband and his first wife, and was awarded to husband in the dissolution of husband's first marriage. C&R installs security and audio systems in residences. Husband continued to operate C&R throughout the marriage.

Wife entered the marriage owning a residence on Coco Palm Drive in Tustin (the residence), which she purchased in 1973 with her first husband. Husband and wife lived in the residence during their marriage.

Wife filed a petition for dissolution on June 14, 1996. On August 16, 1999, the trial court dissolved the couple's marriage and divided the couple's assets and obligations. Husband appeals.

### ANALYSIS

#### I. The Trial Court Properly Refused to Reimburse Husband or the Community for Improvements to the Residence

■ Husband contends that the trial court erred in failing to reimburse him or the community for capital improvements made to the residence.

##### A. Factual Background

The parties agree that husband contributed $39,654 of his separate property funds toward capital improvements to the residence, which was wife's separate property. In addition, husband exchanged his services, as president

and owner of C&R, with services of a colleague, John French, who made capital improvements to the residence. The value of French's services was estimated to be $40,000. In a minute order, the trial court found that the "agreement" between husband and French was a business arrangement with C&R, "and can properly be identified as a separate property contribution." We note that the trial court also found that wife had no economic claim to C&R.

The trial court denied husband's "claims for reimbursement of his contribution of his separate property funds towards the improvement of [wife's] separate property residence . . . ."

### B.  *Neither Husband nor the Community Has a Right to Reimbursement*

Husband claims that (1) he is entitled to reimbursement of his separate property contribution of $39,564; and (2) the value of services to be performed by C&R, in exchange for services provided by French, should be characterized as community debt and/or community capital improvement to the residence. In support of his argument, husband relies on Family Code section 2640.[1] Section 2640, however, is inapplicable.

Section 2640, subdivision (b), provides, "In the division of the *community estate* under this division, unless a party has made a written waiver of the right to reimbursement or has signed a writing that has the effect of a waiver, the party shall be reimbursed for the party's contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source." (Italics added.) Section 2640, subdivision (a), provides that, " 'Contributions to the acquisition of the property,' as used in this section, include . . . payments for improvements . . . ."

In *In re Marriage of Walrath*,[2] the Supreme Court stated that interpreting section 2640 to include "not only the specific *community* property to which the separate property was originally contributed, but also any other *community* property that is subsequently acquired from the proceeds of the initial property," preserves "the general expectations of most people in marriage, i.e., that spouses will be reimbursed for significant monetary contributions to the *community* should the community dissolve."

[1] All statutory references are to the Family Code unless otherwise specified.
[2] *In re Marriage of Walrath* (1998) 17 Cal.4th 907, 918-919 [72 Cal.Rptr.2d 856, 952 P.2d 1124], italics added.

Also, in *In re Marriage of Fabian*,[3] the Supreme Court noted that the legislative history behind the predecessor to section 2640 "reveals two concerns: the need for a community property presumption affecting joint tenancy property . . . , and an unexplained desire to abrogate the rule, attributed solely to *Lucas*, . . . that 'precluded recognition of the separate property contribution of one of the parties to the acquisition of *community* property.' [Citation.] Implicit in the later concern appears to be a legislative judgment that it would be fairer to the contributing party to allow separate property reimbursement upon dissolution."

Both the clear language of the statute and the cases interpreting it address situations where one spouse has used his or her separate property to purchase or improve *community* property. Nothing in section 2640 gives one spouse a right of reimbursement for separate property contributions made to the other spouse's *separate* property. If the Legislature had intended to give a spouse a right to reimbursement for separate property contributions made to the other spouse's separate property, the Legislature could have included language to achieve this intent. It did not. Hence, section 2640 is not applicable in this case, and husband's reliance upon it is misplaced.

Husband also argues that he is entitled to reimbursement for his separate property contributions toward the residence under section 850 et seq. because there is no writing to evidence that the separate property contributions were a gift to wife.

Section 850, subdivision (c) states, subject to sections 851 to 853, married persons may "[t]ransmute separate property of one spouse to separate property of the other spouse." Under section 852, subdivision (a), "[a] transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected." ▮ "A transmutation is an interspousal transaction or agreement that works a change in the character of the property. [Citation.] In order for a transmutation of property to occur, statutory formalities must be met."[4]

▮ Section 852 and cases interpreting section 852 or its predecessor, Civil Code former section 5110.730, address situations where a couple may agree to transmute the separate property or community property character of real or personal property—e.g., where a wife agrees to convert her separate property residence to community property, or where a wife buys a car for her

---

[3] *In re Marriage of Fabian* (1986) 41 Cal.3d 440, 448-449 [224 Cal.Rptr. 333, 715 P.2d 253], italics added.

[4] *In re Marriage of Campbell* (1999) 74 Cal.App.4th 1058, 1062 [88 Cal.Rptr.2d 580].

husband with community property funds. Such a transmutation in the character of the real or personal property must be evidenced by a writing. This case does not involve "transmutation," as such. Here, there is no dispute that husband used his separate property funds to improve wife's separate property residence. The improvements, however, have no value standing alone. They are part and parcel of the residence, which concededly is wife's separate property. Hence, the improvements to the residence are not identifiable as any independent, severable item of property, which could be the subject of a transmutation. Section 850 et seq. is a double-edged sword. To the extent that husband never agreed in writing to "transmute" his separate property funds into wife's separate property, so also, wife never agreed in writing to "transmute" her separate property residence into husband's separate property or to community property. To which part, precisely, of the home could "transmutation" apply, inasmuch as the real property and its improvements are an integrated whole?

As the trial court noted, "[t]he question is whether there is a viable theory of reimbursement of these contributions as requested by [husband]. [Husband] suggests that it would be appropriate for this court to extend the language of Family Code Sections 2640 and 852 and the most recent Supreme Court interpretation of the rights of the parties to reimbursements upon dissolution ([In re Marriage of] 'Walrath') to this factual situation. [¶] Although this Court is mindful that sometimes new law is made by the willingness of a trial court to extend statutory and appellate authority to a fresh factual scenario, this Court finds that such an extension is contrary to even an expansive reading of the law. Therefore the claim is denied." We agree with the trial court.

Accordingly, the trial court properly found that husband had no right to reimbursement for $39,654 of his separate property funds expended to make improvements to the residence, and that neither husband nor the community was entitled to reimbursement for improvements made to the residence by French, in exchange for services to be provided by C&R, husband's sole and separate asset.

II., III.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante,* page 1143.

## DISPOSITION

The judgment is affirmed.

McKinster, Acting P. J., and Richli, J., concurred.